UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| FLORIDA COASTAL SCHOOL OF LAW, INC.; and INFILAW CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN BAR ASSOCIATION; COUNCIL OF THE SECTION OF LEGAL EDUCATION AND ADMISSIONS TO THE BAR, AMERICAN BAR ASSOCIATION; and ACCREDITATION COMMITTEE OF THE SECTION OF LEGAL EDUCATION AND ADMISSIONS TO THE BAR, AMERICAN BAR ASSOCIATION<br><br>Defendants. | Case No. 3:18-cv-00621-BJD-JBT<br><br>Hon. Brian J. Davis |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STAY**

The ABA moves to dismiss without prejudice or stay this litigation while Coastal completes its appeal of the Committee's April 27 decision to the Council. Coastal submitted its appeal on May 29, and the Council held a hearing on the appeal on August 2, 2018. The Council's decision will issue late this month or in early September.

As this Court recognized in denying a preliminary injunction, the Council's decision is plainly material to this litigation. (*See* Dkt. 39 at 10–11). Indeed, Coastal indicated that it may seek leave to amend its Complaint in light of the Council decision (Dkt. 46 at 19), and the parties have agreed that Coastal will make any such request within 21 days of the Council's decision. (Dkt. 49 at 2–3; Dkt. 50 ¶¶ 5–6). This Court has also determined that

1

Coastal will suffer no irreparable harm during the pendency of the appeal. (Dkt. 39 at 11).

In these circumstances—where Coastal is exhausting its internal appeal, where the appeal's resolution is imminent, and where no harm will result in the interim—there is no basis for pushing the litigation forward prematurely. The Court should stay the litigation until 21 days after the Council decision, to allow Coastal to submit any amended complaint and the Court to assess Coastal's claims based on the complete accreditation record.

### I. The Court Determined Coastal's Claim Was Not Ripe and Coastal Presents No Reason the Court Should Reconsider Its Prior Ruling.

In its preliminary injunction decision, this Court analyzed the ripeness of Coastal's due process claim under *Pittman v. Cole*, 267 F.3d 1269, 1278 (11th. Cir. 2001). (Dkt. 39 at 10.) The Court first determined that Coastal's claims were not ready for review, explaining: "[B]ecause review of the ABA's decision is still pending, judicial review at this time is not appropriate." (Dkt. 39 at 11.) The Court then "examine[ed] the hardship that might inure to a party when the Court withholds judicial consideration," and found that Coastal could not "show an undue hardship." (*Id.*) The Court specifically considered the public notice, bar pass notice, and fact-finder remedial requirements when making its hardship determination. (*Id.*)

Without even *acknowledging* this Court's decision or making a new showing beyond what this Court found inadequate, Coastal baldly asserts that the Committee decision is currently fit for review and that Coastal has established hardship. The same reasons that the Court cited in denying a preliminary injunction strongly support granting the ABA's motion.

### II. Coastal Misapplies the Applicable Standards for Evaluating Ripeness.

Coastal also misapplies the applicable standards for evaluating ripeness. Coastal

attempts to distinguish two cases directly on point, *Lincoln Mem'l Univ. Duncan Sch. of Law v. Am. Bar Ass'n*, No. 3:11-CV-608, 2012 WL 137851 (E.D. Tenn. Jan. 18, 2012) (*Lincoln Mem'l I*), and *Staver v. Am. Bar Ass'n*, 169 F. Supp. 2d 1372 (M.D. Fla. 2001), based on the subject matter of the accreditation proceedings at issue. (Dkt. 46 at 11–13.) But both decisions clearly hold that judicial review is not appropriate where "the ABA has not yet reached a final decision." *Staver*, 169 F. Supp. 2d at 1377; *Lincoln Mem'l I*, 2012 WL 137851 at *7 (finding "it is likely that exhaustion is required before a law school . . . may bring a civil suit in federal court").

Coastal also is wrong to assert that the remedial requirements imposed by the Committee's decision are more serious than the circumstances faced by the schools in *Staver*, *Lincoln Mem'l I*, and *W. State Univ. of S. Cal. v. Am. Bar Ass'n*, 301 F. Supp. 2d 1129, 1138 (C.D. Cal. 2004). (Dkt. 46 at 11–13.) In both *Lincoln Mem'l I* and *Staver,* the schools appealed decisions resulting in no ABA-accreditation pending appeal, whereas here Coastal remains ABA-accredited. Likewise, in contrast to the circumstances presented in *W. State Univ. of S. Cal.*, 301 F. Supp. 2d at 1138, Coastal is not in any immediate danger of losing its accreditation. Indeed, even if the Council affirms the Committee's decision, Coastal will not lose ABA approval, but instead be given *more opportunities* to demonstrate that it has returned to compliance.

Coastal also asks this Court to follow *Mulhall v. UNITE HERE Local 355*, 618 F.3d 1279, 1291 (11th Cir. 2010) (Dkt. 46 at 10–11). But *Mulhall* did not involve a plaintiff's failure to exhaust administrative remedies and has no application here. When, as here, a plaintiff seeks immediate judicial review despite the availability of an administrative appeal,

3

it is the *plaintiff's* burden to "'show that it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision.'" *Lincoln Mem'l I*, 2012 WL 137851, at *8 (citation omitted). Coastal has made no such showing here.

### III. The ABA Has a Significant Interest in Preserving the Integrity of the Accreditation Process.

Coastal's Opposition incorrectly asserts that, when considering ripeness, "there are no significant agency or judicial interests militating in favor of delay." (Dkt. 46 at 4, 9.) But the ABA has a significant interest in preserving the integrity of the accreditation process. Allowing a school to obtain judicial review while accreditation proceedings are ongoing "would set a precedent that might lead every" ABA-accredited "school or program . . . to sue" at early stages of the accreditation process—substantially disrupting that process, which involves continuous review of more than 200 law schools. *See Hampton Univ. v. Accreditation Council for Pharm. Educ.*, 611 F. Supp. 2d 557, 566 (E.D. Va. 2009); *Thomas M. Cooley Law Sch. v. Am. Bar Ass'n*, No. 17-13708, 2017 WL 6342629, at *4 (E.D. Mich. Dec. 12, 2017) (denying preliminary injunction where it would "substantially harm the ABA" by "disrupt[ing] the agency's accreditation processes").

Moreover, Coastal ignores that both the ABA and this Court have a strong efficiency interest in litigating Coastal's claims based on a complete accreditation record. That interest weighs strongly in favor of stay or dismissal here because Coastal's appeal to the Council will be resolved no later than September, and Coastal may file an amended complaint after the Council's decision. (Dkt. 46 at 19.) *See Lincoln Mem'l Univ. Duncan Sch. of Law v. Am. Bar Ass'n*, No. 3:11-CV-608, 2012 WL 1108125, at *10–11 (E.D. Tenn. Apr. 2, 2012) (*Lincoln Mem'l II*) (granting stay during internal ABA appeal process to "serve the interests

of judicial economy and efficiency").

### IV. Coastal Has Failed To State a Claim Upon Which Relief Can Be Granted.

Because it ignores the pending appeal, Coastal also fails to state a claim for common law due process.[1] This Court's review of accreditation decisions is extremely limited: the Court may assess only whether (1) the Council and Committee have provided fair process, and (2) the accreditation action is supported by substantial evidence. *Hiwassee*, 531 F.3d at 1335 n.4. The Court cannot assess the process afforded to Coastal before the process is complete, and it cannot assess whether substantial evidence exists to support a decision *that is still under consideration by the ABA*. *W. State Univ. of S. Cal.*, 301 F. Supp. 2d at 1131, in which the Council had already rendered a judgment on the Committee's recommendation, does not compel this Court to find otherwise.

### CONCLUSION

For the reasons set forth above, the Court should grant the ABA's Motion to Dismiss, or in the alternative, grant a stay of proceedings pending Coastal's filing of an Amended Complaint addressing the Council's decision on appeal.

Dated: August 8, 2018

                                                Respectfully submitted,

                                                /s/ _Anne E. Rea_____

---

[1] Coastal seemingly maintains that its due process claim is cognizable under the Higher Education Act and the Fifth Amendment (*see* Dkt. 46 at 14). However, this Court has rejected Coastal's argument, holding that review of Coastal's due process claim "is limited to whether the ABA complied with the 'common law duty to employ fair procedures when making decisions affecting their members[.]'" (Dkt. 39 at 7–8, quoting *Hiwassee Coll., Inc. v. S. Ass'n of Colls. & Sch.*, 531 F.3d 1333, 1335 (11th Cir. 2008)).

Kevin E. Hyde
FL Bar No. #0768235
khyde@foley.com
Emily Friend O'Leary
FL Bar No. #73042
eoleary@foley.com
FOLEY & LARDNER LLP
One Independent Drive, Suite 1300
Jacksonville, FL 32202-5017
Telephone: 904.359.2000
Facsimile: 904-359-8700

and
James A. McKee
FL Bar No. 0638218
jmckee@foley.com
106 East College Avenue, Suite 900
Tallahassee, FL 32301
Telephone: 850-222-6100
Facsimile: 850-561-6475

Anne E. Rea (IL 6188384)*
area@sidley.com
Tacy F. Flint (IL 6284806)*
tflint@sidley.com
Joseph R. Dosch (IL 6303209)*
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
*Admitted pro hac vice*

*Attorneys For Defendant American Bar Association; Council Of The Section Of Legal Education And Admissions To The Bar, American Bar Association; And Accreditation Committee Of The Section Of Legal Education And Admissions To The Bar, American Bar Association*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 8, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record in this case.

                                           /s/  Anne E. Rea
                                           Attorney